UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| UNITED STATES OF AMERICA, Plaintiff, v. JASON WOODS, Defendant. | Case No. 2:16-cr-00046-GMN-PAL<br><br>ORDER<br><br>(Mot Reopen Det – ECF No. 894)<br>(Mot for Hearing – ECF No. 1221)<br>(Ex Parte Mot. Compel – ECF No. 1933) |
|---|---|

Before the court is Defendant Jason Woods' ("Woods") Motion to Reopen Detention Hearing (ECF No. 894). The court has reviewed Woods' motion, the government's Response (ECF No. 938), Woods' Reply (ECF No. 966), Woods' Motion for Hearing on the Motion to Reopen Detention (ECF No. 1221), and Woods' Ex Parte Motion to Compel Performance on Motion (ECF No. 1933).

## **BACKGROUND**

Woods is charged in a Superseding Indictment (ECF. No., 27) returned March 2, 2016. Woods is charged in 10 counts with:

- Count One – Conspiracy to commit an offense against the United States in violation of 18 U.S.C. § 371. This charge arises from conduct that allegedly occurred sometime between March of 2014 and March 2, 2016.

- Count Two – Conspiracy to impede or injure a federal officer in violation of 18 U.S.C. § 372. This charge arises from conduct that allegedly occurred sometime between March of 2014 and March 2, 2016.

- Count Five – Assault on a federal officer in violation of 18 U.S.C. § 111(a)(1), (b) and§ 2. This charge arises from conduct that allegedly occurred on April 12, 2014.

- Count Six – Use and carry of a firearm in relation to a crime of violence in violation of 18 U.S.C. § 924(c) and § 2. This charge arises from conduct that allegedly occurred on April 12, 2014.

- Count Eight – Threatening a federal law enforcement officer in violation of 18 U.S.C. § 115(a)(1)(B) and § 2. This charge arises from conduct that allegedly occurred on April 12, 2014.

- Count Nine – Use and carry of a firearm in relation to a crime of violence in violation of 18 U.S.C. § 924(c) and § 2. This charge arises from conduct that allegedly occurred on April 12, 2014.

- Count Twelve – Obstruction of the due administration of justice in violation of 18 U.S.C. § 1503 and § 2. This charge arises from conduct that allegedly occurred on April 12, 2014.

- Count Fourteen – Interference with interstate commerce by extortion in violation of 18 U.S.C. § 1951 and § 2. This charge arises from conduct that allegedly on April 12, 2014.

- Count Fifteen – Use and carry of a firearm in relation to a crime of violence in violation of 18 U.S.C. § 924(c) and § 2. This charge arises from conduct that allegedly occurred on April 12, 2014.

- Count Sixteen – Interstate travel in aid of extortion in violation of 18 U.S.C. § 1952 and § 2. This charge arises from conduct that allegedly occurred sometime between April 5, 2014 and April 12, 2016.

He was initially arrested in the District of Arizona and made an initial appearance on March 3, 2016 before Magistrate Judge Duncan. The government filed a written motion to detain, and Wood was temporarily detained pending a hearing. *See* (ECF No. 121) Rule 5(c)(3) documents received from the District of Arizona, Attachment 2, Government's Motion in Support of Detention Hearing. The detention hearing was held on March 8, 2016, before Magistrate Judge Willett and continued to the following day until March 9, 2016. Judge Willett entered a written order of detention pending trial, finding clear and convincing evidence that Woods should be detained as a danger to the community and by a preponderance of evidence that Woods should be detained as a flight risk and that no conditions or combinations of conditions could reasonably assure the safety of the community or that he would appear as required. *Id.*, Attachment 5.

The detention order was based on findings of fact that there was probable cause to believe Woods had committed an offense under 18 U.S.C. § 924(c). The court also found that Woods had not rebutted the presumption created by a 924(c) charge, that there was a serious risk that he would flee, and no condition or combinations of conditions would reasonably assure his appearance as required. The court further found that no condition or combination of conditions would reasonably assure the safety of others and the community. The written statement of reasons indicated that the court found the credible testimony and information submitted at the detention hearing established

by clear and convincing evidence that "the nature and circumstances of the charged offenses, the defendant's alleged role and participation in them, and his possession of weapons during the commission of the charged offenses all reflect the danger the defendant presents to the safety of others in the community." The court found by a preponderance of the evidence that the defendants had no significant contacts in the District of Nevada, had no resources in the United States from which he might make a bond reasonably calculated to assure his future appearances, had a history of substance abuse, and was facing a minimum mandatory of five years' incarceration, and a maximum of life, and that the evidence against Woods was great. Woods was therefore committed to the custody of the Attorney General and remanded to this district.

Woods made an initial appearance and arraignment and plea in this district on March 16, 2016, before the undersigned. He was appointed counsel, pled not guilty, and the government moved to declare this case a complex case. The court indicated that a complex case scheduling conference would be scheduled once the parties had met and conferred.

On March 25, 2016, Woods filed a Motion for Revocation of Pretrial Detention Order (ECF No. 192) which was docketed and treated as an appeal of Judge Willett's detention order. The district judge set a briefing schedule and set the matter for hearing on April 14, 2016. *See* Minute Order in Chambers (ECF No. 206). At the April 14, 2016 hearing Woods was present in custody with counsel. The parties made arguments and Chief Judge Navarro denied the appeal from the magistrate judge's detention order without prejudice, ordering that Woods be detained pending trial for the reasons stated on the record. Woods was advised of his rights to appeal the district judge's order and remanded to custody. *See* Minutes of Proceedings (ECF No. 242).

Chief Judge Navarro entered a written Order of Detention Pending Trial (ECF No. 243) finding there was probable cause to believe Woods had committed an offense under 18 U.S.C. § 924(c), that he has not rebutted the presumption established by this finding, that no conditions would reasonably assure his appearance and the safety of the community. The court also made alternative findings that there was a serious risk that Woods would not appear, and a serious risk that he would endanger the safety of another person or the community:

///

The defendant is ordered detained as a serious risk that he will not appear for the following reasons:

The Defendant traveled to Nevada to support the efforts to thwart the BLM officers' enforcement of multiple legitimate federal orders on April 12, 2014. Further, the defendant was indicted on 11 charges, including 4 18 U.S.C. § 924(c) counts that alone present a mandatory minimum of 82 years' incarceration if he is found guilty. This lengthy possible sentence provides the defendant with a strong incentive to flee. Lastly, the defendant lacks any significant contacts or ties with Nevada. The defendant is ordered detained as a danger to the community as that term is defined by the Bail Reform Act for the following reasons: The defendant is charged with crimes of violence involving the use of weapons, for which the law creates a rebuttable presumption that he should be detained. In this case, the weight of the evidence against the defendant is very strong. Photographic evidence depicts the defendant's armed participation on April 12, 2014. The defendant does not dispute his identity in the majority of the photographs, which show him fully clothed in camouflaged in military gear, standing in formation with others in matching gear, armed with a sidearm and radio. He is shown at the staging area and appears to be acting as a bodyguard when Cliven Bundy issued his ultimatum to the BLM officers. From the photographs, the defendant then drove himself and other gunmen in his truck to the wash near the BLM site at the request of Cliven Bundy. The defendant retrieved an assault rifle from his vehicle, donned a vest that he was not wearing in prior pictures, and took a tactical position at the skirt of the bridge near the BLM impoundment site. The defendant's possession and brandishing of an assault rifle from this tactical position communicated the threat and fear of immediate bodily injury or death to the federal officers. The photographs demonstrate the defendant's willingness and intent to shoot if necessary. This April 12, 2014 incident was a planned assault on federal law enforcement officers with the express purpose of interfering with a federal court order. It is unclear whether the defendant has disavowed membership with the Arizona Militia, but the defendant has not disavowed his affiliation with the "III%" movement. The "III%" movement espouses the belief that only 3% of the population supported the American Revolution, and likewise, a small, dedicated community must be available to oppose further perceived federal government tyranny by force of arms if necessary. The defendant recently posted a photograph on Facebook on December 24, 2015, depicting a large "III%" decal on the back of his truck. This picture endorses his allegiance to the "III%" movement. There is no evidence that the defendant has disavowed his belief that it is appropriate to use force against federal officers to prevent the execution of a federal court order, and inaction is not withdrawal from the conspiracy. The defendant therefore did not provide sufficient evidence to rebut the presumption of detention.

Because pretrial release, even with strict conditions, depends on the defendant's good-faith compliance with a federal court order, there are no conditions or set of conditions that reasonably assure the defendant's appearance and the safety of the community.

Woods was advised of his right to appeal the district judge's order, but did not do so.

In the current motion, he seeks to reopen detention pursuant to 18 U.S.C. § 3142 based on newly discovered and material evidence. Specifically, he argues that the letters of support attached to the motion to reopen were not available at the time of his initial motion to revoke the detention

4

order issued by Judge Willet. He also argues that photographs from the April 12, 2014 demonstration illustrate the firepower brandished by federal and state agents involved in the April 12, 2014 events. Several of the photographs depict Sheriff Gillespie congenially talking with protestors along with current Sheriff Joe Lombardo. Additionally, the motion to reopen argues that Jason Woods is not and never has been a member of the 3% movement as alleged by the federal government.

The motion argues that photographs produced in voluminous discovery in this case evidence that BLM and other government agencies were heavily armed, and that other discovery illustrates "the paucity of fear in those agents" and also shows law enforcement engaging in "rather crude expletive-laden commentary in a joking manner." Examples are provided. Except for the charges in this case, Woods has never had any negative interaction with law enforcement, has been a law abiding citizen who served in the United States Air Force, has been gainfully employed with the same company for three years preceding his arrest, and a productive member of the community.

Under these circumstances Woods argues that he is neither a flight risk nor a danger to the community. Following the hearing before Judge Navarro on his motion to revoke detention, counsel worked diligently to secure letters from Woods' family, friends and colleagues. Eighteen supporting letters are attached to the motion. Woods' motion also presents what he claims is new material evidence that he is not a member of the 3% movement. Judge Navarro's order denying his motion to revoke detention referenced a photograph of the 3% decal on Woods' truck found on Facebook on December 24, 2015, and found that this endorsed his allegiance to the "III%" movement. She also found that Woods had presented no evidence that he disavowed his affiliation with the movement or his belief that it is appropriate to use force against federal officers to prevent execution of a federal court order.

Counsel for Woods directed an investigator to obtain any and all information about the "III%" movement and to investigate whether there was any credible evidence linking Woods to it. An investigation revealed Mr. Woods is not a member of the movement and has never been a member of it. The "III%" movement is an ideological movement comprised primarily of retired or former law enforcement or military who believe the oath they took to serve and protect the

country and honor the U.S. Constitution. Mr. Woods was in Bunkerville, Nevada on April 12, 2014, to attend a public demonstration and exercised his Second Amendment right to carry a firearm which was not concealed in any manner. Under all of these circumstances, the court can impose stringent conditions to assure the safety of the community and that he will appear in court. Woods requests that the court release him on conditions such as:

1. electronic GPS monitoring;
2. restricting his movement to Maricopa County, Arizona, and Clark County, Nevada;
3. forfeiting the possession of any firearms or other weapon(s);
4. forbidding him to associate with all other co-defendants in this indictment;
5. imposing a curfew; and
6. imposing any other conditions deemed necessary to assure his appearance and/or protect the public.

The government opposes the motion arguing Woods has offered no new and material information that was not known at the time of his detention hearing. The government also argues that the information contained in the motion fails to rebut the presumption established by the Bail Reform Act that Woods should be detained as a danger to the community. On March 8, 2016, Woods "received a fully-adjudicated detention hearing" in the District of Arizona before United States Magistrate Judge Willet. Judge Willet continued the hearing until March 9, 2016, to consider the possible appointment of Woods' father as a third-party custodian, and took the matter under submission following the hearing.

On March 11, 2016, after careful consideration of the merits, Judge Willet granted the government's motion and issued an order of detention pending trial. Woods filed a motion to revoke his order of detention on March 25, 2016, which was considered by Chief Judge Navarro on April 14, 2016. At this hearing, Woods argued his military service, community and family support, job status, lack of criminal record, and self-reported non-involvement in the Arizona state militia shortly after the events at the Bundy ranch. Chief Judge Navarro denied the motion without prejudice making specific findings. Six months later, Woods has filed the instant motion to "reopen" his detention.

The government argues that Woods has not met his burden under 18 U.S.C. § 3142(f) for reopening detention. The information provided in support of his motion is not new information

that has material bearing on the issue of detention. Woods is charged with four violations of 18 U.S.C. § 924(c) and faces a rebuttable presumption that no condition or combination of conditions will reasonably assure his appearance as required and the safety of the community. Even in the absence of the presumption, the § 3142(g) factors weighed heavily in favor of detention. Chief Judge Navarro considered evidence substantially similar to the evidence Woods now offers that he is not affiliated with the Arizona state militia anymore, and was never a member of the 3% movement. The letters of support are not "new and material" evidence within the meaning of § 3142(f)(2). Woods claim that he has never been a member of the 3% movement "is both unfounded and demonstrably not 'new.'" Woods had ample opportunity to claim in earlier proceedings that the decal on his truck was not his, that he did not know what it meant, or that he was not a member of the movement. However, he did not advance any of these arguments.

Woods' selective citation of video clips produced in discovery which purportedly show that law enforcement officers in the wash used "crude expletive-laden commentary in a joking manner" do not justify reopening. None of this is new information. It is merely argument. Detention hearings are supposed to be summary proceedings, not mini trials. None of the selective information he provides shows that he lacked "assaultive intent." Humor or cursing by law enforcement officers facing an armed mob in a tactically-superior position does not militate or undermine what Woods did. Finally, none of the video clips he selects demonstrates that officers did not face an imminent threat of bodily injury or death. Rather, they likely show nervousness, incredulity, or "gallows humor." Finally, the fact that law enforcement was heavily armed provides no justification for Woods, or his co-conspirators, to use and brandish firearms for the purpose of intimidating them, insulting them, or interfering with the execution of their duties.

Woods filed a Reply (ECF No. 966) indicating it took approximately six months to file this motion because the government "dumped approximately 1.4 Terabytes of discovery in this matter after Woods filed his motion to revoke detention order." Information produced in discovery was not available to Mr. Woods at his Arizona hearing or at his initial hearing in Nevada on April 14, 2016. It has taken several months to go through the discovery to ascertain what is relevant to Mr.

///

Woods. The government, not Woods, is the party that "cherry-picked" discovery in Arizona and Nevada using information against Woods to justify his detention.

The government took two years to conduct an investigation and then used the information and photographs to argue that Woods is a danger to the community while not providing the whole picture. Mr. Woods was given approximately seven days from the appointment of Nevada counsel to answer the detention order from Arizona seeking to revoke that order. The government provided lopsided evidence in both Arizona and Nevada. Woods now presents the court with new and material evidence that he was never a member of the 3% movement, provides letters of support not readily available before his April 14, 2016 hearing, and the photographs and video excerpts of officers having superior tactical positions and armament and exhibiting behaviors that were not fear-ladened as the government claims. For these reasons, the court should reopen his detention hearing. Mr. Woods will behave in good faith in following any directive and/or orders the court may impose to reasonably ensure both his appearance and the safety of the community.

**DISCUSSION**

A detention hearing may be reopened only "if the judicial officer finds that information exists that was not known to the movant at the time of the hearing," and that the information "has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of the person as required, and the safety of any other person and the community." 18 U.S.C. § 3142(f). As the court noted in *United States v. Ward*, 63 F. Supp. 2d 1203 (C.D. Cal. 1999), "courts have interpreted this provision strictly, holding that hearings should not be reopened if the evidence was available at the time of the initial hearing." *Id*. at 1206.

Woods argues that he has newly discovered evidence justifying pretrial release. Specifically, he has attached 18 letters of support detailing his character and to demonstrate that he would not be a flight risk or a danger to the community. He also attaches photographs from the April 12, 2014 demonstration which show the tremendous firepower and protection that both the Las Vegas Metropolitan Police Department and the Nevada Highway Patrol had at the demonstration. He supports his motion with excerpts from an officer's dash cam indicate conversation that is casual and joking which, he argues belies claims officers were in fear of their

lives. Woods argues that he has never had any negative interactions with law enforcement, he is a law-abiding citizen who has served in the United States Air Force, has been gainfully employed.

As an initial matter, it has taken far too long to address this motion. This is a large, complex case in which scores of dispositive and non-dispositive motions have been filed and the record contains nearly two thousand docket entries. Counsel is reminded that LR IA 7-1 allows an attorney or pro se party to send a letter to the court 90 days after any matter has been fully briefed if the court has not entered a written order. It also permits counsel to submit a letter to the Chief Judge if an order has not been entered 120 days after a matter is fully briefed. The undersigned assures counsel that a letter inquiry is always a welcome reminder. The court's caseload and docket is congested, and matters can and do fall through the cracks, especially in a large multi defendant case.

On the merits, having reviewed Defendant Woods' Motion to Reopen Detention Hearing, the court finds Woods has not met his burden of showing that information exists that was not known to him at the time of the detention hearing that has a material bearing on the issue of whether there are conditions of release that will reasonably assure his appearance as required, and the safety of the community. The court makes this finding fully appreciating that there are many positive aspects of Woods's history and personal characteristics. Woods has no prior criminal history, has been gainfully employed, and honorably served his country in the Air Force. He has strong support from family, friends and co-workers. The people who are close to him describe him as kind, considerate, honest, caring, hard-working and patriotic. However, the letters, photographs of heavily armed law enforcement officers in Bunkerville, excerpts from a dash cam, and the defense investigator's internet research and interview of unidentified individuals regarding the three percenters, do not overcome the showing made by the government during the initial detention hearing and on appeal on which the detention findings and decisions were based.

**IT IS ORDERED** that:

1. Woods' Motion to Open Detention Hearing (ECF No. 894) is **DENIED**.
2. Woods' Motion for Hearing on Motion to Reopen Detention Hearing (ECF No. 1221) is **DENIED.**

3. Woods Ex Parte Motion to Compel (ECF No. 1933) is **GRANTED** to the extent this motion has now been decided.

DATED this 22nd day of May, 2017.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE