UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br>v.<br>JASON D. WOODS,<br>　　　　　　　Defendant. | Case No. 2:16-cr-00046-PAL-GMN<br><br>**ORDER**<br><br>(Mot. Compel – ECF No. 2209) |

Before the court is Defendant Jason Woods' ("Woods") Motion to Compel Disclosure of Government Agent and to Provide Impeachable Evidence (ECF No. 2209) which was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3. The court has considered the motion, the Government's Response (ECF No. 2250), and Woods' Reply (ECF No. 2274).

Woods seeks to compel the government to identify the agent or officer who claimed he observed an assault rifle being pointed at BLM agents on April 12, 2014 from Woods' general position that the government relied upon in making its proffer supporting its motion to detain Woods. His reply clarifies that he is asking the court to order the government to produce grand jury transcripts for in camera review so that the court can "ascertain the legitimacy of the specific claim that Mr. Woods pointed a firearm at an agent" which was used to indict and detain him. He reasons that presenting perjured testimony to a grand jury is grounds for dismissal, and possible inaccurate representations to the grand jury "are relevant as to the credibility of the speaker making those representations." He denies that he is seeking premature disclosure of Jencks materials. Rather, he asks that the court conduct an in camera review of the grand jury transcripts that form the basis for the charges against him and his detention.

The grand jury returned a true bill against Woods and his co-defendants finding probable cause to believe the defendants are probably guilty of the offenses with which they are charged.

The historic purpose of the Fifth Amendment right to presentment of charges to a grand jury "has been regarded as a primary security to the innocent against hasty, malicious and oppressive persecution; it serves the invaluable function in our society of standing between the accuser and the accused…" *United States v Caruto*, 663 F. 3d 394, 398 (9th Cir. 2011) (citations and internal quotations omitted). Woods vehemently denies the charges, and disputes that the government has proof that an assault weapon was pointed at BLM agents on April 12, 2014 from his general location. For reasons explained in multiple prior orders and reports and recommendations, the superseding indictment is sufficient on its face under the applicable Ninth Circuit test. It is for the jury to determine whether the government can prove the charges against Woods beyond a reasonable doubt. Woods' denial of the charges, and conjecture the government may have presented inaccurate or perjured testimony to the grand jury and/or has no witness to substantiate claims made during detention proceedings, is not a legal basis for the court to conduct an in camera review and second guess the adequacy of the evidence presented to the grand jury.

For these reasons,

**IT IS ORDERED** that Jason Woods' Motion to Compel Disclosure of Government Agent and to Provide Impeachable Evidence (ECF No. 2209) is **DENIED.**

DATED this 25th day of September, 2017.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE